IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ENTERGY ARKANSAS, LLC**                                                                                          **PLAINTIFF**

v.                               Case No. 4:20-cv-01088-KGB

**TED J. THOMAS, in his official capacity
as Chairman of the Arkansas Public Service
Commission; and KIMBERLY A.
O'GUINN and JUSTIN TATE in their
official capacities as Commissioners of the
Arkansas Public Service Commission**                                                              **DEFENDANTS**

# ORDER

Before the Court is plaintiff Entergy Arkansas, LLC's ("EAL") motion to compel defendants' responses to EAL's first set of interrogatories and first set of requests for production and to deem admitted EAL's first set of requests for admission (Dkt. No. 28). Defendants Ted J. Thomas, Kimberly A. O'Guinn, and Justin Tate in their official capacities as members of the Arkansas Public Service Commission (jointly "APSC") filed a response in opposition to the motion to compel (Dkt. No. 30). EAL filed a reply (Dkt. No. 41). The Court conducted a status conference with counsel regarding the parties' Rule 26(f) Report, among other matters, and received correspondence from counsel for the APSC after that conference (Dkt. Nos. 26, 27). For the following reasons, the Court grants, in part, and denies, in part, EAL's motion to compel (Dkt. No. 28).

### I.    Limited Discovery Permitted

Having studied the parties filings, having studied the cases and authorities cited by the parties, and having heard argument from counsel, the Court determines that this is not purely "an action for review on an administrative record" pursuant to Federal Rule of Civil Procedure 26(a)(1)(B)(i). The Court acknowledges that Count 3 of EAL's complaint, which is a state law

claim before this Court pursuant to supplemental jurisdiction, might qualify as such, but Counts 1 and 2 of EAL's complaint on their face do not. Given the claims alleged by EAL and the treatment of similar claims by other courts, the Court determines that discovery will be permitted in this action. To this extent, the Court grants EAL's motion to compel.

Given Count 3, the Court directs the parties to confer and to agree to present this Court with the record below or with a stipulated portion by agreement of the parties in accordance with Arkansas Code Annotated § 23-2-423(b)(2).

The parties address, in part, in their Joint Rule 26(f) Report the scope of discovery (Dkt. No. 23, at 13-19). At this time, the Court declines to opine on the permissible scope of discovery. Instead, the Court directs each party to propound discovery if they choose to do so, for the opposing party to raise objections or respond if appropriate, and for the parties to then raise any resulting issues, including issues as to the permissible scope of discovery, in appropriate motions before the Court. At this stage of the proceeding, the Court leaves open the question of whether referring to portions of the record below may suffice as a response to a discovery request.

II.   **Waiver Of Objections And Responses**

Given the procedural posture of this case, the Court rejects any argument as to waiver with respect to discovery and requests for admission previously propounded by EAL. To the extent EAL seeks to have this Court compel the APSC to respond to discovery previously propounded deeming any objections waived or to have this Court deem admitted requests for admission previously propounded to the APSC but not yet responded to, the Court denies EAL's motion to compel. The parties put this issue—whether discovery is appropriate in this case or whether an exception to discovery set forth in the Federal Rules applies—before the Court in their Joint Rule 26(f) Report (Dkt. No. 23). The Court conducted a conference with the parties and took the issue

under advisement (Dkt. No. 26). Moreover, the Court by separate Order granted a motion to extend the expert discovery deadline and stayed all pending discovery deadlines pending the Court's rulings on the motion to dismiss and motion to compel (Dkt. Nos. 15, 28, 32).

The Court now issues its ruling and will permit discovery to proceed at this point but declines to find waiver of objections to discovery previously propounded or to deem admitted requests for production previously served.

### III.   Conclusion

For these reasons, the Court grants, in part, and denies, in part, EAL's motion to compel (Dkt. No. 28).

It is so ordered this 31st day of March, 2022.

_____
Kristine G. Baker
United States District Judge